IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARK MARTIN<br><br>Plaintiffs,<br><br>    v.<br><br>CASEY'S RETAIL COMPANY, LANCE BOREN, and COREENA CLOSE<br><br>Defendants. | Case No.: 25-cv-231<br><br>Hon. Judge John Robert Blakey |

PLAINTIFF'S MOTION REQUESTING
ENTRY OF SEPARATE JUDGMENT PURSUANT TO RULE 58(d)

NOW COMES Plaintiff, MARK MARTIN, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 58(d), respectfully requests that this Honorable Court enter a separate judgment as required by Rule 58(a). In support of this Motion, Plaintiff states as follows:

1. On March 26, 2025, this Court entered an order (Dkt. 12) dismissing Plaintiff's Second Amended Complaint with prejudice and denying Plaintiff's accompanying application to proceed in forma pauperis.

2. Because the dismissal was with prejudice and disposed of Plaintiff's federal claim against all parties, the Court's March 26, 2025 order constitutes a final order within the meaning of Fed. R. Civ. P. 41(a)(2) and 41(b).

3. Plaintiff timely filed a notice of appeal seeking review of the final judgment (Dkt. 13).

4. On April 25, 2025, the United States Court of Appeals for the Seventh Circuit issued an order in Appeal No. 25-1699 stating:

A preliminary review of the short record suggests that the district court has not entered a judgment under Rule 58 of the Federal Rules of Civil Procedure. Accordingly, IT IS ORDERED that appellant shall file, on or before May 9, 2025, a statement advising the court whether he will request in the district court that judgment be set out in a separate document. See Fed. R. Civ. P. 58(d)."

5. Counsel for Plaintiff intended to address this orally with the district court during its May 7 hearing on Plaintiff's Motion to Proceed IFP on Appeal, but the district court struck the hearing when it denied the Motion on May 6 (Dkt. 20).

6. Federal Rule of Civil Procedure 58(a) requires that "[e]very judgment and amended judgment must be set out in a separate document," unless an exception applies. No separate judgment document has been entered to date.

7. In light of the Seventh Circuit's directive and in accordance with Rule 58(d), Plaintiff now respectfully requests that this Court issue a separate judgment reflecting its March 26, 2025 dismissal order.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter a separate judgment pursuant to Rule 58(a), consistent with its final order of March 26, 2025 (Dkt. 12).

Respectfully submitted,
MARK MARTIN
Plaintiffs

    /s/Christina Abraham
By:    Christina Abraham
    Attorney for Plaintiffs

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150

May 8, 2025

### Certificate of Service

The undersigned attorney hereby certifies that she caused a copy of Plaintiff's MOTION REQUESTING ENTRY OF SEPARATE JUDGMENT PURSUANT TO RULE 58(d)to be served upon the parties listed for service via the Northern District of Illinois Electronic Case Management System on May 8, 2025.

/s/Christina Abraham

Christina Abraham
Attorney for the Plaintiff

Attorney No. 6298946
Christina Abraham, Esq.
Abraham Law & Consulting, LLC
161 N. Clark Street, Suite 1600
312-588-7150